# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL ZUNAN-MORALES,<br><br>Defendant. | No. CR09-4040-MWB<br><br>**AMENDED AND SUBSTITUTED REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY** |

_____

The defendant Daniel Zunan-Morales was charge in Count 2 of the Indictment in this case with possession with intent to distribute methamphetamine. On December 4, 2009, he appeared before the undersigned United States Magistrate Judge by consent pursuant to Federal Rule of Criminal Procedure 11, and entered a plea of guilty to Count 2. After examining the defendant under oath concerning each of the subjects mentioned in Rule 11, the court determined that the guilty plea was knowledgeable and voluntary, and the offense charged was supported by an independent basis in fact containing each of the essential elements of the offense. The court issued a report and recommendation recommending that the guilty plea be accepted. (Doc. No. 30)

Rule 11(b)(3) requires that a guilty plea must have a factual basis. Upon reconsideration, the court has concluded that the factual basis in the record is inadequate for the defendant to plead guilty to Count 2. The court therefore withdraws Doc. No. 30, and **RECOMMENDS** that the plea of guilty be **rejected**, and the case be placed on the trial calender.

At the plea hearing, the defendant admitted to the following facts. On July 1, 2009, he traveled in from Lincoln, Nebraska, to Denison, Iowa, with his brother, Ismael Zunun-Morales, to visit a friend of Ismael's. Ismael had asked Daniel to come along on the ride for company. Ismael drove his vehicle. Daniel had driven Ismael to Denison on a

previous occasion to visit a friend, and while Daniel was suspicious about the purpose of that trip, he had no information to indicate it was connected with drugs. On the July 1st trip, Daniel did not know it, but his brother had with him about a pound of methamphetamine, which he intended to deliver to a customer in Denison. About a half hour before arriving at Denison, Ismael told Daniel that he wanted to drop Daniel off at a gas station. Daniel refused. Ismael then told Daniel about the drugs in the car.

When they arrived at a Wal-Mart parking lot in Denison, Ismael told Daniel to stay in the car. Daniel refused. Daniel testified he had a bad feeling about what was going to happen, and he did not want his brother to be alone. When Ismael got out of the car, Daniel got out of the car with him. Daniel tried to take the box away from his brother because he was afraid of what was going to happen, and the box fell on the ground. Daniel and Ismael then were arrested.

In Count 2 of the indictment, Ismael and Daniel were charged with possession with intent to distribute methamphetamine. Although the indictment does contain a citation to 18 U.S.C. § 2, the government's theory is that the defendant aided and abetted his brother in possessing methamphetamine with intent to distribute the drugs. Daniel and his lawyer acknowledged at the plea hearing that they knew this was the government's theory.

"A person may be found guilty of possession with the intent to distribute a controlled substance even if he personally did not do every act constituting the offense charged, if he aided and abetted the commission of possession with the intent to distribute a controlled substance." *United States v. Santana*, 524 F.3d 851, 854 (8th Cir. 2008). This means that for Daniel to have aided and abetted Ismael, he would have had to "associate[] himself with the unlawful venture, participate[] in it as something he wished to bring about, and sought by his actions to make it succeed." *Id*. at 855. He did none of these things.

Daniel's presence at the scene was not enough to establish his guilt, even though at some point he knew his brother intended to deliver the drugs. "A defendant's mere presence, coupled with the knowledge that someone else who is present intends to sell drugs, is insufficient to establish a factual basis for this crime." *United States v. Shoffner*, 71 F.3d 1429, 1433-34 (8th Cir.1995).

The court has the discretion to refuse to accept a guilty plea if it is not satisfied with the factual basis. As the court held in *United States v. Williams*, 557 F.3d 556 (8th Cir. 2009):

> A valid guilty plea "admits all of the elements of a criminal charge . . . [and] admits factual allegations in the indictment that form the basis for federal jurisdiction." *Mack v. United States*, 853 F.2d 585, 586 (8th Cir. 1988) (per curiam). Williams admitted none of the elements of aiding and abetting the distribution of (much less distributing) crack cocaine. The district court did not commit plain error by refusing to enter a plea of guilty.

*Williams*, at 560.

There is "no absolute right to have a guilty plea accepted," and a district court "may reject a plea in exercise of sound judicial discretion." *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971). Here, the court finds Daniel's guilty plea should be rejected, and the case should be placed on the trial calendar.

The parties may file written objections to this Report and Recommendation within 14 days.

**DONE AND ENTERED** at Sioux City, Iowa, this 7th day of December, 2009.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT